# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY CRUDUPT,** | : | **CIVIL ACTION NO. 1:09-CV-0331** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PAUL SMEAL, PENNSYLVANIA** | : | |
| **ATTORNEY GENERAL'S OFFICE,** | : | |
| and **MONROE COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE,** | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 20th day of April, 2010, upon consideration of the report of the magistrate judge (Doc. 18), to which objections were filed (Doc. 21), recommending that the petition (Doc. 1) for habeas corpus filed pursuant to 28 U.S.C. § 2254 be denied, and, following an independent review of the record, it appearing that trial counsel's decision not to seek a bill of particulars did not cause

petitioner prejudice at trial,[1] (see Doc. 18 at 24-25 (citing cases)), and that trial counsel's decision not to present certain audio recordings was not constitutionally

---

[1] A bill of particulars is intended to "identify with sufficient particularity the nature of the charge pending against the defendant, thereby enabling him to prepare for trial, prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Parlavecchio, 903 F. Supp. 788, 795 (D.N.J. 1995) (quoting United States v. Eisenberg, 773 F. Supp. 662, 689 (D.N.J. 1991)); see also Commonwealth v. March, 551 A.2d 232, 235-36 (Pa. Super. Ct. 1988) (same). In the instant matter, petitioner was provided notice of the charges against him and an affidavit of probable cause, which stated that the criminal encounter occurred at a Super 8 motel in East Stroudsburg, Pennsylvania. (See Doc. 1, Ex. A.) However, petitioner originally told law enforcement that the incident occurred at a Comfort Inn, and the defense attempted to highlight this discrepancy at trial to create reasonable doubt. (See Doc. 1, Ex. B at 5; Doc. 21 at 2-4.) Petitioner argues that the provision of a bill of particulars would have forced the government to define the alleged situs of the incident and allowed the defense to focus its energies upon issues other than the location discrepancy. (Doc. 21 at 2-4). Petitioner contends that "it was unreasonable for trial counsel to assume that the prosecution's proof would be constrained by its affidavit of probable cause." (Doc. 21 at 2.) This contention is without merit. The defense was aware of the government's belief that the incident occurred at a Super 8 motel and trial counsel's attempt to sow confusion regarding the location was not unreasonable, but simply unsuccessful. (See Doc. 1, Ex. A.) More importantly, petitioner admitted that he had sexual contact with the victim at a motel in or around Stroudsburg. (Doc. 1, Ex. B at 5; see also Doc. 18 at 4-5.) As the state courts reviewing this matter have repeatedly held, it was unnecessary under state law for the government to prove the precise location of the crime, so long as the jury found beyond a reasonable doubt that the encounter occurred in Monroe County in February 2004. (See Doc. 1, Exs. A-B; Doc. 18 at 8.) Petitioner admitted to each of the pertinent facts needed to secure his conviction, and trial counsel's failure to request a bill of particulars did not cause him prejudice. See Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (quoting Strickland v. Washington, 466 U.S. 668 (1984), and explaining that a successful petitioner must "illustrate not only the derelictions of his counsel, but also that 'there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different'").

deficient,[2] and it further appearing that petitioner has not objected to the magistrate judge's findings regarding the sufficiency of the evidence or the propriety of the Commonwealth's closing argument, (see Doc. 18 at 15-22; Doc. 21), and that there is no clear error on the face of the record with respect to these

---

[2] The report of the magistrate judge thoroughly explains the bizarre circumstances through which petitioner revealed the existence of these recordings to his counsel and, as explained in the report, petitioner's last-minute discovery of the tapes "strained credulity." (See Doc. 18 at 25-26.) The tapes "were recordings of Crudupt and the victim discussing going to a motel room," and "had been made surreptitiously at the time of th[e] February incident." (Id. at 5.) Petitioner argues that the characterization of the content of the conversation by the state courts is flawed, but he does not specify what portion of the recorded conversation was misconstrued. Under 28 U.S.C. § 2254(e), the factual findings of the state court are presumed to be correct, and the burden rests with the petitioner to rebut the presumption by clear and convincing evidence. Petitioner's vague objection regarding the content of the recording fails to meet this standard, and is therefore without merit.

Petitioner also objects to the magistrate judge's determination that counsel did not act deficiently when he decided not to introduce the recordings. (See Doc. 21 at 4-6.) Trial counsel concluded that the content of the tape—wherein petitioner makes plans to travel to a motel with a thirteen-year-old girl—would damage his client in the eyes of the jury. This is a classic strategic choice and deserves a strong presumption of professional competence. See Strickland, 466 U.S. at 688-89. Furthermore, even if counsel's strategy was deficient, petitioner has not demonstrated prejudice for, as the magistrate judge notes, "the tapes actually corroborate in a compelling way Crudupt's confession regarding his illegal sexual contact with this 13-year old girl." (Doc. 18 at 28.) The court thus rejects petitioner's objection and adopts the findings of the magistrate judge.

findings,[3] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 18) of the magistrate judge is ADOPTED.

2. The petition (Doc. 1) for writ of habeas corpus is DENIED.

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(1).

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.